1

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT FOR THE

7                         EASTERN DISTRICT OF CALIFORNIA

8

9   RODNEY BERRYMAN, Sr.,                    )    Case No. CIV. 1:95-CV-05309-AWI
                                             )
10                           Petitioner,     )    DEATH PENALTY CASE
                                             )
11      vs.                                  )    ORDER RE: PHASE IV CASE MANAGEMENT
                                             )
12  ROBERT L. AYERS, Jr., as Warden of       )
    San Quentin State Prison,                )
13                                           )
                             Respondent      )
14  _____ )

15          This matter is before the Court on the September 12, 2007 Status Report filed by Respondent

16  Robert L. Ayers, Jr., as Warden of San Quentin State Prison (the "Warden") as well as a confidential

17  budget and case management plan for Phase IV of the litigation filed confidentially on behalf of

18  Petitioner Rodney Berryman, Sr. ("Berryman").  Based on review of the Warden's Status Report, and

19  concurrence in that report demonstrated in Berryman's proposed Phase IV budget, the Court establishes

20  a case management plan for Phase IV, which, in turn, is informed by the July 10, 2007 order addressing

21  Berryman's request for an evidentiary hearing.

22          The filing of the July 10, 2007 evidentiary hearing order marked the commencement of Phase

23  IV of this case.  With the exception of Claim 18, all claims in Berryman's petition were denied on the

24  merits.  Claim 18 alleges that trial counsel, Charles J. Soria, slept during substantial portions of the trial.

25   Given Berryman's submitted offer of proof, the Court will afford him the opportunity to further develop

26  the claim.  *See Javor v. United States*, 724 F.2d 831, 833 (9th Cir. 1984) (holding that "when an attorney

27  for a criminal defendant sleeps through a substantial portion of the trial, such conduct is inherently

28  prejudicial").

1    The ultimate factual issue is whether Mr. Soria in fact slept during a substantial portion of the

2    trial, and, if so, whether the presence of his co-counsel (George Peterson) obviated the prejudicial

3    impact.  In support of the motion for evidentiary hearing, Berryman presented the declaration of one

4    juror who recounted that Mr. Soria fell asleep on "more than one occasion" and that his slumber was

5    noticed by all of the jurors.  Berryman has been given permission to address inquiries to jurors, the trial

6    judge, the trial prosecutor, reliable spectators, and any other trial participants.   In the July 10, 2007

7    order, the parties were ordered to meet and confer for purposes of agreeing on discovery therein

8    authorized.   The Warden's Status Report summarizes the parties' agreement as to how further

9    investigation and evidentiary development will be conducted.   The parties agree they will jointly

10   interview jurors, the trial judge, the prosecutor, spectators (including Berryman's family members), court

11   staff, and both trial defense attorneys.

12   Although the level of cooperation is very high, there is still quite a bit of leg work to be

13   undertaken in developing evidence about Mr. Soria's alleged somnolence. The Warden's Status Report

14   proposes that upon conclusion of the interviews of the identified witnesses, the parties will file a joint

15   status report advising the Court of the results.  At that time, either party may request permission to

16   depose certain witnesses or to conduct an evidentiary hearing.

17   The present time table to complete the initial investigation and/or discovery is 60 days from

18   issuance of the anticipated funding order approving Berryman's proposed Phase IV Budget.  Under the

19   July 10, 2007 order, all evidence to be offered, in the form of declarations and/ or deposition transcripts,

20   was to have been lodged with the Court no later than 90 days following issuance of the funding order.

21   The Warden's Status Report inferentially requests a modification of this schedule.  The modification is

22   acceptable, especially in light of the cooperation between opposing counsel.  The Court therefore will

23   adhere to the prior schedule in that all interviews shall be completed within 60 days of the funding order.

24   Rather than requiring the parties to file further evidence within 90 days, however, the parties shall file

25   a joint status report advising the Court of the results of their joint (and several) interview efforts, plus,

26   if necessary, a request to conduct depositions and/ or a live hearing be filed within 90 days of the funding

27   order.  Following the filing of the joint status report, the Court will issue an order directing the parties

28

1    how further evidence relevant to Claim 18 is to be presented (declaration, documentary, deposition, live

2    testimony).

3          The Court anticipates that Phase IV of the litigation can be completed in six months.  Every

4    effort will be made to schedule status conferences, status reports, and hearings so that the six month

5    projection can be met.  This will serve as notice to the Warden that concurrently herewith, the Court is

6    filing a confidential order approving a budget for Phase IV of the litigation.  The funding order tracks

7    the case management plan summarized in this order.

8

9    IT IS SO ORDERED.

10

11   DATE:   November 7, 2007

12                                                                    /s/ Anthony W. Ishii
                                                                       Anthony W. Ishii
                                                              United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28