IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERRYMAN, Sr.,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>ROBERT L. AYERS, Jr., as Warden of<br>San Quentin State Prison,<br><br>　　　　　　Respondent | Case No. 1:95-cv-05309-AWI<br><br>DEATH PENALTY CASE<br><br>ORDER ESTABLISHING BRIEFING<br>SCHEDULE FOR CLAIM 18 (FOLLOWING<br>TELEPHONIC STATUS CONFERENCE)<br><br>DATE:　　APRIL 30, 2008<br>TIME:　　9:00 a.m.<br>COURTROOM TWO |

This matter came on for a telephonic status conference hearing in the above-entitled Court on April 30, 2008 at 9:00 a.m., the Honorable Anthony W. Ishii presiding. Petitioner Rodney Berryman, Sr. ("Berryman") was represented by appointed counsel Charles M. Bonneau. Respondent Robert L. Ayers, Jr. as Warden of San Quentin State Prison (the "Warden") was represented by Deputy Attorney General Brian Means. The status conference hearing was scheduled following the filing of a joint status report by the parties on April 7, 2008 (document 363), with the purpose to discuss the status of evidentiary development of Berryman's Claim 18 (alleging that one of his trial attorneys, Charles Soria, slept during a substantial portion of the trial, *see Javor v. United States*, 724 F.2d 831, 833 (9th Cir. 1984)).

At the hearing, Mr. Bonneau explained that the investigation of Mr. Soria's somnolence initially focused on Juror David Armendariz, who previously provided Berryman's litigation team a declaration recounting that Mr. Soria fell asleep on "more than one occasion." Mr. Bonneau stated Mr. Armendariz

previously recounted that Mr. Soria's slumber was *discussed* with other jurors.[1] Upon re-interviewing Mr. Armendariz in 2008, Mr. Armendariz reported he could not say whether Mr. Soria was actually asleep, but that he observed Mr. Soria's arm slip off counsel table "several times" during penalty proceedings. Mr. Bonneau confirmed that the parties' joint interview efforts of four other jurors, the trial judge, and one of the two court reporters did not confirm or refute that Mr. Soria slept during the trial.[2] As part of the present interview effort, Mr. Soria, himself, denied having slept during any portion of the trial, and executed a declaration under penalty of perjury to that effect. Mr. Bonneau stated Berryman's litigation team was surprised by this revelation because it contradicts earlier statements Mr. Soria made about having dozed off during some trial proceedings.[3] Mr. Bonneau reported that investigation efforts faltered when contact was attempted with Mr. Soria's trial co-counsel, George Peterson. Mr. Peterson did not or would not make himself available for an interview. Mr. Bonneau stated that he did not have subpoena power to compel Mr. Peterson's presence.[4]

      Mr. Means stated his view of the status of the evidentiary development of Claim 18 on behalf of the Warden, that is, no evidence developed indicates that Mr. Soria was actually asleep. Mr. Armendariz only stated that Mr. Soria's arm slip off the end of counsel table. Further, four other jurors, who were in as good a position as Mr. Armendariz to observe Mr. Soria, did not see him sleeping. Similarly, the trial judge didn't see Mr. Soria sleeping. The court reporter the parties were able to interview also did not observe Mr. Soria sleeping. Finally, Mr. Soria adamantly denied he slept during

---

[1] Mr. Armendariz's declaration, sworn under penalty of perjury on February 4, 2001, was presented to the Court as an attachment to Berryman's October 10, 2001 motion for evidentiary hearing (document 283). In his declaration, he stated that Mr. Soria's slumber was "*noticed*" by all the other jurors. Armendariz Decl., ¶ 3.

[2] The joint report of the parties filed on April 7, 2008 (document 363) states that none of the other four jurors interviewed remembered seeing anyone sleeping or nodding off during trial. The trial judge told investigators he "certainly didn't notice" Mr. Soria sleeping or nodding off. One of the two court reporters interviewed told investigators she didn't see anyone sleeping during the trial.

[3] The Court did not receive a declaration over Mr. Soria's signature in which he admitted dozing during the trial proceedings. The only declaration Mr. Soria gave concerning Claim 18 pertains to hearing problems experienced by his trial co-counsel, George Peterson.

[4] In fact, both parties previously had been granted leave to conduct discovery under Rule 6 of the Rules Governing § 2254 Cases, *see* July 10, 2007 Order (document 351), :272:13-14, and informed the Court they would advise the Court about their respective positions on the issue of discovery when they filed their joint status report. *See* Warden's September 12, 2007 Status Report (document 354).

1  the trial proceedings. In light of this evidence, the Warden takes the position that Claim 18 is not
2  cognizable because of the foundational "fact" of Mr. Soria's slumber has not been established.

3      Mr. Bonneau reported to the Court he believes that Berryman's litigation team has developed the
4  evidentiary basis for Claim 18 to the fullest extent possible. Should any further evidentiary matters
5  come to Berryman's attention, Mr. Bonneau stated he would bring those matters to the attention of the
6  Court. Being satisfied that evidentiary development of Claim 18 presently is complete, the parties
7  represented they were ready to commit to a briefing schedule, as follows:

8      Berryman shall file a supplemental brief, limited to 10 pages, concerning the merits of Claim 18
9      by 4:00 p.m. on June 30, 2008;

10      The Warden shall file a response to that brief, limited to 10 pages, by 4:00 p.m. on July 14, 2008;
11      and

12      Berryman shall file a reply to the Warden's response, limited to 5 pages, by 4:00 p.m. on July
13      28, 2008.

14      In the event the parties have any concerns about the need for further discovery with respect to
15  Mr. Peterson, or any other matter at issue in Claim 18, those concerns can be included in the briefing.
16  If further evidence is discovered that should be brought to the Court's attention, the parties are directed
17  to contact the Court's staff attorney to set up telephonic conference hearing so any concerns can be stated
18  on the record. In the absence of the need to consider any further evidence, the matter will be taken under
19  submission as of July 28, 2008.

22  IT IS SO ORDERED.

24  DATE:   May 1, 2008

                                                                   /s/ Anthony W. Ishii
25                                                                      Anthony W. Ishii
                                                               United States District Judge