IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERRYMAN, Sr.,<br><br>             Petitioner,<br><br>    vs.<br><br>ROBERT L. AYERS, Jr., as Warden of<br>San Quentin State Prison,<br><br>             Respondent | Case No. 1:95-cv-05309-AWI<br><br>DEATH PENALTY CASE<br><br>ORDER RE: PETITIONER'S REQUEST TO CONDUCT THIRD-PARTY DEPOSITIONS |

      This matter is before the Court on the request of Petitioner Rodney Berryman, Sr. ("Berryman") to conduct the third-party depositions of Juror David Armendariz, trial investigator assistant Ed Beadle, and trial counsel George Peterson. Berryman also requests clarification from the Court as to the scope of the anticipated testimony to be elicited from these witnesses. His request follows the Court's August 15, 2008 order concerning Berryman's earlier application for an evidentiary hearing on Claim 18 of the Petition, which alleges that trial co-counsel, Charles Soria, was asleep during a substantial portion of the penalty phase proceedings of the trial. In the August 15, 2008 order, the Court explained that if no recording of Mr. Armendariz's February 21, 2008 interview existed, Berryman's attorneys could take Mr. Armendariz's deposition. The Court also indicated that if there were other witnesses competent to testify about Mr. Soria's alleged somnolence, Berryman should so advise the Court.

      <u>Deposition of David Armendariz.</u>

      Since the Court previously authorized Berryman's litigation team to serve a subpoena on Mr. Armendariz and notice his deposition, no further authorization is necessary. The request remains granted.

1        <u>Deposition of Ed Beadle.</u>

2        Berryman's current request clarifies that Mr. Beadle's deposition would be taken for the purpose of establishing greater definition of Mr. Soria's role at the penalty phase. He also states that the focus of the depositions of *both* Mr. Beadle *and* Mr. Peterson will be on Mr. Soria's somnolence and the prejudice arising from Mr. Soria's alleged somnolence.

6        The request is denied. The Court previously granted Berryman leave to conduct discovery concerning the issue of whether Mr. Soria slept during a substantial portion of the penalty phase proceedings of the trial. Although Berryman makes the ambiguous statement that the Beadle and Peterson depositions *both* will focus on somnolence and prejudice, this statement comes more in the context of the request to take Mr. Peterson's deposition. Berryman's explanation of the testimony he intends to elicit from Mr. Beadle does not concern the issue of whether Mr. Soria was asleep or inattentive during the actual trial proceedings.

13       <u>Deposition of George Peterson.</u>

14       Berryman points out that Mr. Peterson has been uncooperative during investigative efforts undertaken in this habeas corpus proceeding. Further, Berryman reports that Mr. Peterson's curt responses have been ambiguous and unenlightening on the subject of Mr. Soria's somnolence. Berryman further argues that Mr. Peterson's penalty phase performance was insufficient and assistance from Mr. Soria "should have been welcomed." The request to depose Mr. Peterson is granted, but the scope of the questioning shall be limited to the issue of Mr. Soria's attentiveness during penalty proceedings. The Court already has determined that Mr. Peterson's penalty phase performance was within constitutional limits under *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

24   IT IS SO ORDERED.

25   DATE:   August 27, 2008

                                                        /s/ Anthony W. Ishii
                                                         Anthony W. Ishii
                                                    United States District Judge