IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERRYMAN, Sr., ) | Case No. 1:95-cv-05309-AWI |
| Petitioner, ) | DEATH PENALTY CASE |
| vs. ) | ORDER GRANTING PETITIONER'S REQUEST TO MODIFY THE FINAL ORDER |
| ROBERT K. WONG, as Acting Warden of ) San Quentin State Prison, ) | |
| Respondent ) | |

This matter is before the Court on the request of Petitioner Rodney Berryman, Sr. ("Berryman") to modify the final order in this action, issued January 15, 2010, to correct references to claims in the Petition. Berryman does not contend that effecting the corrections he has identified would make any difference in the judgment.

Berryman has identified five of twelve Petition references in the January 15, 2010 order where the Court misstated the identity of claims discussing omissions potentially attributable to attorney inattentiveness during trial proceedings. The Court agrees with Berryman with respect to four of the five identified references.

First, the failure of trial counsel to note guilt phase pre-instructions that the rape death eligibility special circumstances could be predicated on attempted *or* completed rape was raised in Claims 19 and 52, *as well as* Claim 12.

Second, the failure of trial counsel to object during penalty proceedings to testimony elicited from Berryman's older brother, Ronald Berryman, Jr., and other character witnesses during Mr.

1  Moench's cross examination about the facts leading to Berryman's prior felony conviction for
2  transporting marijuana was raised in Claims 8 and 14, *as well as* <u>Claim 56</u>.

3  <u>Third</u>, the failure of trial counsel to object to testimony about Berryman's extra-marital affairs
4  during cross examination of Berryman's character witnesses was raised in Claim 14 *as well as* <u>Claim
5  79</u>.

6  <u>Fourth</u>, the failure of trial counsel to object to Mr. Moench's repeated reference to ascending and
7  descending degrees of psychological impairment during penalty phase cross examination of Dr. Pierce
8  was raised in Claim 18.  It was not raised in Claim 86, as Berryman contends in the present request.
9  Claim 86 alleges ineffective assistance of counsel for their failure to argue more aggressively for defense
10 Special Instruction 7, which would have instructed the juror to consider evidence of Berryman's mental
11 or emotional disturbance which was not necessarily extreme.

12 <u>Fifth</u>, the failure of trial counsel to object to Mr. Moench's penalty summation that Berryman's
13 psychologist expert, Dr. William Pierce, opined that Berryman was amoral (rather than asocial) was
14 raised in Claim 8 *as well as* <u>Claim 79.</u>

15 The requested modification is authorized under Rule 59(e) of the Federal Rules of Civil
16 Procedure.  Berryman's request is granted with respect to four of the five references, as noted above.
17 The January 15, 2010 order modified as follows:
18   page 9, line 24: change *Claims 19 and 52* to *Claims 12, 19, and 52*;
19   page 10, line 13, change *Claims 8, 14* to *Claims 8, 14, and 56*;
20   page 10, line 21, change *Claim 14* to *Claims 14 and 79*;
21   page 11, line 4, change *Claim 8* to *Claims 8 and 79.*
22 The foregoing modifications do not affect the Court's conclusions or judgment.
23
24 IT IS SO ORDERED.
25
26 DATE:   January 21 , 2010
                                          /s/ Anthony W. Ishii
27                                        Anthony W. Ishii
                                          United States District Judge
28