1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY BERRYMAN,                          Case No.  1:95-cv-05309-AWI

12          Petitioner,                        DEATH PENALTY CASE

13       v.                                    ORDER ON EX PARTE MOTION TO
                                               SUBSTITUTE COUNSEL
14   CHANCE ANDES, Acting Warden of San
     Quentin Rehabilitation Center,            (Doc. 502)
15
            Respondent.[1]
16

17

18

19

20          Before the Court is a motion filed jointly by Petitioner's current Criminal Justice Act[2]

21   counsel Saor Stetler and Tim Brosnan, and Petitioner's proposed counsel the Office of the

22   Federal Defender for the Eastern District of California, to substitute counsel for Petitioner in

23   this closed 28 U.S.C. § 2254 proceeding.

24          The Court, having reviewed the ex parte motion, the record, and the applicable law

25   finds the matter amenable to decision without a hearing.  (E.D. Cal. Local Rule 230(g).)

26   _____
     [1] Chance Andes, Acting Warden of San Quentin Rehabilitation Center, is substituted as Respondent in place of his
27   predecessor wardens.  Fed. R. Civ. P. 25(d).

     [2] Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A.
28
                                          1

1  BACKGROUND

2  The facts of this case as reflected in the Court's docket are summarized below.

3  In 1988, Petitioner was convicted by a Kern County, California jury of first degree

4  murder and rape, and sentenced to death.

5  In 1993, the California Supreme Court affirmed Petitioner's conviction and sentence,

6  and denied his state petition for writ of habeas corpus.

7  In 1995, Petitioner began habeas corpus proceedings in this Court pursuant to 28 U.S.C.

8  § 2254.

9  In 2010, the Court denied Petitioner's first amended § 2254 petition for writ of habeas

10  corpus, issued a certificate of appealability as to one of his claims, and entered judgment

11  thereon.   Later that same year, the Court appointed current counsel to represent Petitioner in

12  all further proceedings before the Court.

13  In 2020, the Ninth Circuit Court of Appeals affirmed the Court's denial of the first

14  amended § 2254 petition.  In 2021, the Supreme Court denied certiorari.

15  DISCUSSION

16  Current and proposed counsel jointly seek permission from the Court to substitute

17  counsel in the case.  In support of the motion, Supervising Assistant Federal Defender David

18  Harshaw represents that Petitioner has communicated with the Office of the Federal Defender

19  regarding his desire for new federal counsel.  Mr. Harshaw further represents that Petitioner is

20  amenable to substituting the Federal Defender's Office to represent him in further proceedings

21  under 18 U.S.C. § 3599(e).[3]   Current counsel and proposed counsel are agreeable to the

22  proposed substitution.

23  /////

24

25  [3] 18 U.S.C. § 3599(e) provides that "Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions

26  for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions

27  and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."

28

1    The Local Rules of the Eastern District of California outline the procedure for the

2 appearance and substitution of counsel.  Local Rule 182 explains that if an attorney does not

3 appear in the initial filing, the attorney may appear by "by filing and serving on all parties a

4 substitution of attorneys as provided in (g)."  Local Rule 182(a)(2).  Subsection (g) of Local

5 Rule 182 provides that:

6          An attorney who has appeared in an action may substitute
           another attorney and thereby withdraw from the action by
7          submitting a substitution of attorneys that shall set forth the full
           name and address of the new individual attorney and shall be
8          signed by the withdrawing attorney, the new attorney, and the
           client. All substitutions of attorneys shall require the approval of
9          the Court….

10    The instant motion is not a substitution of counsel complaint with Local Rule 182(g).

11 *See e.g., Maqaddem v. California*, No. 2:23-CV-00687 DAD AC, 2023 WL 4827686, at *1

12 (E.D. Cal. July 27, 2023) (denying purported substitution filing not compliant with Local Rule

13 182(g).)  Particularly, Petitioner has not signed a substitution of counsel.

14    The Court observes that absent substitution of counsel, any request to withdraw by

15 current counsel, if granted, would require referral to the Selection Board for the Eastern

16 District of California for recommendation of suitable replacement counsel.  *See* E.D. Cal.

17 General Order 671; Local Rule 191(c).

18    ACCORDINGLY, the ex parte motion to substitute counsel (Doc. 502) is DENIED

19 without prejudice.  The Clerk of the Court is directed to SERVE this order upon: (i) counsel for

20 Petitioner, and (ii) David Harshaw, Assistant Federal Defender, 801 I Street, Third Floor,

21 Sacramento, CA 95814, david_harshaw@fd.org.  Counsel for Petitioner shall PROVIDE him

22 with a copy of this order.

23 DATED:  March 1, 2024.

24

25 _____
   CHIEF UNITED STATES DISTRICT JUDGE
26

27

28