UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERRYMAN,<br><br>    Petitioner,<br><br>    v.<br><br>TRAVIS PENNINGTON, Acting Warden of California Institution for Men at Chino,<br><br>    Respondent.[1] | Case No. 1:95-cv-05309-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER REGARDING EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL |

I. INTRODUCTION

On April 8, 2024, Petitioner Rodney Berryman, through appointed Criminal Justice Act[2] (hereinafter "CJA") counsel Tim Brosnan and Saor Stetler, filed on the public docket a Notice of Filing under Seal (Doc. 505), regarding an Ex Parte Application to Seal, an Ex Parte Application to Withdraw as CJA Counsel, and an Ex Parte Declaration of Counsel in Support of Motion to Withdraw. As grounds for the sealing request, Petitioner asserts the documents proposed for sealing contain privileged attorney-client and attorney work product materials. (Doc. 505.) Petitioner states that the documents proposed for sealing have not been provided

---

[1] In light of Petitioner's recent transfer to the California Institution for Men at Chino, Travis Pennington, Acting Warden, shall be substituted as Respondent. Fed. R. Civ. P. 25(d).

[2] Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A.

1

to Respondent because of their privileged nature. (*Id.*)

The documents proposed for sealing, along with a Proposed Order Sealing Documents, have been submitted to the Court, as required by Eastern District of California Local Rule (hereinafter "Local Rule") 141.[3]

Respondent has not opposed or otherwise responded to Petitioner's sealing request and the time for doing so has passed. L.R. 141(c). Petitioner's sealing request is therefore deemed unopposed and submitted for a decision without a hearing. (L.R. 141(d).)

## II. BACKGROUND

The facts of this case, as reflected in the Court's docket, are summarized below.

In 1988, Petitioner was convicted by a Kern County, California jury of first degree murder and rape, and sentenced to death.

In 1993, the California Supreme Court affirmed Petitioner's conviction and sentence, and denied his state petition for writ of habeas corpus.

In 1995, Petitioner began habeas corpus proceedings in this Court pursuant to 28 U.S.C. § 2254.

In 2010, the Court denied Petitioner's first amended § 2254 petition for writ of habeas corpus, issued a certificate of appealability as to one of his claims, and entered judgment thereon. Later that same year, the Court appointed current counsel to represent Petitioner in all further proceedings before the Court.

In 2020, the Ninth Circuit Court of Appeals affirmed the Court's denial of Petitioner's first amended § 2254 petition.

In 2021, the Supreme Court denied certiorari.

On March 4, 2024, the Court denied without prejudice a joint request by counsel for Petitioner and the Office of the Federal Defender for the Eastern District of California, to substitute the latter as counsel for Petitioner in this closed 28 U.S.C. § 2254 proceeding.

/////

---

[3] Local Rule 141(b) directs a party seeking to seal documents to electronically file a "Notice of Request to Seal Documents" and to e-mail a "Request to Seal Documents," proposed order, and all documents covered by the request to the appropriate Judge or Magistrate Judge's proposed order e-mail box.

III. DISCUSSION

Petitioner supports the sealing request by asserting that the contents of materials proffered for sealing are privileged including under the work product and attorney-client privileges.

There is a "strong presumption in favor of access to court records[.]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. *See Ctr. for Auto Safety,* 809 F.3d at 1096-97. The compelling reasons standard requires that a court: (1) find a compelling reason supporting sealing the record, and (2) articulate the factual basis for sealing the record without relying on hypothesis or conjecture. *Id.* at 1096-97. The Court must "conscientiously balance" the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1097; *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-81 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.' " *Ctr. For Auto Safety,* 809 F.3d at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has stated that "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist, for example, when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

1        Where the material is, at most, "tangentially related" to the merits of a case, the request

2 to seal may be granted on a lesser showing of "good cause" to find prejudice or harm for each

3 document sought to be protected. *Ctr. for Auto Safety,* 809 F.3d at 1096-1102; *see also*

4 *Kamakana,* 447 F.3d at 1178-80 ("a good cause" showing under Rule 26(c) will suffice to keep

5 sealed records attached to non-dispositive motions); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d

6 665, 678 (9th Cir. 2010) (discussing the "good cause" standard for purposes of Rule 26(c) as

7 balancing the needs for discovery against the need for confidentiality). For example, in such a

8 case, a "particularized showing" that public disclosure would cause annoyance,

9 embarrassment, oppression, or an undue burden will suffice to seal non-dispositive records.

10 *Kamakana*, 447 F.3d at 1180; *see also* Fed. R. Civ. P. 26(c)(1).

11        Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be

12 made under seal without redaction."

13        Petitioner has complied with Local Rule 141.  The Court has reviewed the Ex Parte

14 Application to Seal and the materials sought to be sealed and finds compelling reasons to grant

15 the Application supported by specific facts. *See Kamakana*, 447 F.3d at 1178 (quoting *Nixon*,

16 435 U.S. at 597 & n. 7 (1978)); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th

17 Cir. 1989).

18        Particularly, the materials proposed for sealing contain information relating to counsel's

19 representation of Petitioner, the attorney client relationship, and attorney work product that is

20 privileged and confidential. *See Anderson v. Marsh,* 312 F.R.D. 584, 590 (E.D. Cal. 2015)

21 (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir.1992)) ("The attorney-

22 client privilege protects confidential disclosures made by a client to an attorney in order to

23 obtain legal advice, as well as an attorney's advice in response to such disclosures."); *Hickman*

24 *v. Taylor*, 329 U.S. 495, 510 (1947) (the work product doctrine, codified in Federal Rule of

25 Civil Procedure 26(b)(3), provides a qualified immunity protecting documents and tangible

26 things from being disclosed during discovery that have been prepared by a party or his

27 representative in anticipation of litigation); 18 U.S.C. § 3599(f) (an ex parte request by CJA

28 counsel requires a "proper showing" concerning the need for confidentiality).

Thus, the Court ORDERS:

1. Petitioner's Application to Seal documents submitted ex parte and in camera to the Court is **GRANTED**.

2. The Clerk of the Court is **DIRECTED** to file under seal the 4-page Ex Parte Application to Seal; the 4-page Ex Parte Application to Withdraw as Counsel; and the 5-page Ex Parte Declaration of Counsel in Support of the Motion to Withdraw.

3. The sealed documents and their contents shall **REMAIN UNDER SEAL** until further order of the Court, and shall **NOT BE DISCLOSED**, in whole or part, to any person other than the Court and Court staff.

4. Petitioner's counsel shall EMAIL the above three documents to be filed under seal to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141 **WITHIN THREE DAYS** of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **April 15, 2024**

UNITED STATES DISTRICT JUDGE