UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERRYMAN,<br><br>Petitioner,<br><br>v.<br><br>TRAVIS PENNINGTON, Acting Warden of California Institution for Men at Chino,<br><br>Respondent.[1] | Case No. 1:95-cv-05309-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER: (1) GRANTING MOTION TO WITHDRAW BY PETITIONER'S COUNSEL; and (2) REFERRING CASE TO THE SELECTION BOARD FOR RECOMMENDATION OF REPLACEMENT COUNSEL |

I. INTRODUCTION

On April 16, 2024, Tim Brosnan and Saor Stetler, appointed as co-counsel pursuant to the Criminal Justice Act[2] (hereinafter "CJA") to represent Petitioner in this 28 U.S.C. § 2254 habeas corpus proceeding, filed under seal an ex parte application to withdraw from the case. (Sealed Doc. 508.)

On April 22, 2024, the Court filed under seal Petitioner's pro se submittal responding to counsel's motion. (Sealed Doc. 510.)

The Court, having reviewed the motion, Petitioner's pro se response to the motion, the

---

[1] In light of Petitioner's recent transfer to the California Institution for Men at Chino, Travis Pennington, Acting Warden, is substituted as Respondent. Fed. R. Civ. P. 25(d).

[2] Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A.

1

1  record, and the applicable law finds the matter amenable to decision without a hearing. E.D.
2  Cal. L. R. 230(g).

## II. BACKGROUND

The facts of this case, as reflected in the Court's docket, are summarized below.

In 1988, Petitioner was convicted by a Kern County, California jury of first-degree murder and rape and sentenced to death. The California Supreme Court affirmed Petitioner's conviction and sentence in 1993 and denied his state petition for writ of habeas corpus. Two years later, Petitioner began habeas corpus proceedings in this Court pursuant to § 2254.

In 2010, the Court denied Petitioner's first amended § 2254 petition for writ of habeas corpus, issued a certificate of appealability as to one of his claims, and entered judgment thereon. Later that same year, the Court appointed current counsel to represent Petitioner in all further proceedings before the Court. In 2020, the Ninth Circuit Court of Appeals affirmed the Court's denial of Petitioner's first amended § 2254 petition. The next year, the Supreme Court denied certiorari.

On March 4, 2024, the Court denied without prejudice a joint request by moving counsel and the Office of the Federal Defender for the Eastern District of California, to substitute the latter as counsel for Petitioner in this closed proceeding.

## III. DISCUSSION

Counsel's sealed motion and supporting declaration, and Petitioner's responsive submittal discuss grounds for withdrawal that relate to and rely upon confidential and privileged attorney-client and work product information. Though Petitioner does not oppose counsel's withdrawal as his CJA appointed counsel, he does oppose referral to the Eastern District's Selection Board (hereinafter "Selection Board") for recommendation of replacement counsel. Petitioner notes that the Office of the Federal Defender is represented on the Selection Board. Based thereon, and for reasons discussed in his submittal, he opposes referral to the Selection Board.

Petitioner requests that in lieu of referral to the Selection Board, the Court "allow a Court to appoint counsel to [him][.]" (Doc. 510, at 3.) This request apparently relates to a 2015

pro se habeas corpus petition and attendant request for appointment of counsel that is pending in the state supreme court. The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the Court upon motion noticed to the client and all parties, in conformity with the requirements of the California Rules of Professional Conduct. E.D. Cal. L.R. 182(d).  In such a case, the decision to grant or deny counsel's motion to withdraw is committed to the Court's discretion upon consideration of the reasons for withdrawal, potential delay in resolution of the case, and potential prejudice to the litigants and the administration of justice.  *See Copeland v. Challenge Sec. Servs., Inc.*, Case No. 2:18-CV-01435 TLN CKD, 2020 WL 315997, at *1 (E.D. Cal. Jan. 21, 2020). Federal courts often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (citing *Denney v. City of Berkeley,* No. C 02–5935 JL, 2004 WL 2648293, at *2-*3 (N.D. Cal. Nov.18, 2004)) (looking to the California Code of Professional Conduct when determining counsel's motion to withdraw).

      Here, the Court finds good cause to grant counsel's unopposed motion to withdraw on the grounds stated by counsel.  *See* CA ST RPC Rule 1.16 (b)(4) (a lawyer may withdraw from representing a client if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively"); *id.*, Rule 1.16 (b)(6) (a lawyer may withdraw from representing a client if "the client knowingly and freely assents to termination of the representation"); *id.*, Rule 1.16(b)(10) (a lawyer may withdraw from representing a client if "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find existence of other good cause for withdrawal"). Nothing before the Court suggests that Petitioner will suffer delay or prejudice by virtue of counsel's withdrawal.  Notably, Petitioner has exhausted federal review of his state conviction and death sentence.  He does not have an execution date and currently is not at risk for execution due to the Governor's death penalty moratorium.

      The Court will refer the matter to the Selection Board for recommendation of suitable

replacement counsel. Petitioner remains entitled to counsel pursuant to 18 U.S.C. § 3599(e).[3] The Court finds appointment of counsel to be appropriate in this case. E.D. Cal. L.R. 191(c). In this district, the Selection Board, as appointing authority, makes all recommendations for appointment of counsel in capital § 2254 matters. *See* E.D. Cal. General Order 677; E.D. Cal. L. R. 191(c). Petitioner has not made any sufficient showing that the Court should deviate from its practice in this case.

Petitioner is reminded that, though he may be entitled to appointed counsel during his indigency, he is not entitled to appointed public counsel of his choosing. *See United States v. Herrera,* No. CR 08-0730 WHA, 2010 WL 5060608, at *2 (N.D. Cal. Dec. 6, 2010) (citing *United States v. Gonzalez–Lopez,* 548 U.S. 140, 151 (2006)) ("The Supreme Court and our court of appeals have repeatedly held that there is no constitutional right to be represented by a free court-appointed attorney of one's own choosing."); *see also United States v. Brown*, 785 F.3d 1337, 1343 (9th Cir. 2015) (citing *U.S. v. Rivera-Corona*, 618 F.3d 976, 9709 (9th Cir. 2010)) ("When the court has appointed an attorney for an indigent defendant, the defendant, like all criminal defendants, has a constitutional right to *effective* counsel [citation] [emphasis added]. But he does not have the right to the counsel of his choice . . ."). Thus, the Court **ORDERS**:

1.  The motion to withdraw by appointed CJA counsel Tim Brosnan and Saor Stetler (Sealed Doc. 508) is **GRANTED**.
2.  This matter is **REFERRED** to the Selection Board for its recommendation of replacement counsel. The Selection Board, through Assistant Federal Defender David Harshaw shall submit the Board's recommendation of counsel to the Court under seal by emailing it to ApprovedSealed@caed.uscourts.gov, promptly upon issuance.

---

[3] 18 U.S.C. § 3599(e) provides that "Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."

3. The Clerk of the Court is directed to SERVE this order upon: (i) counsel for the parties, (ii) the Selection Board, through David Harshaw, Assistant Federal Defender, 801 I Street, Third Floor, Sacramento, CA 95814, david_harshaw@fd.org, and (iii) Connie Garcia, CJA Panel Administrator, Federal Defender's Office, 2300 Tulare Street, Suite 330, Fresno, CA 93721, Connie_Garcia@fd.org.

4. Counsel for Petitioner shall provide him with a copy of this order.

IT IS SO ORDERED.

Dated:  **April 29, 2024**

UNITED STATES DISTRICT JUDGE